```
            IN THE UNITED STATES DISTRICT COURT FOR THE
                 SOUTHERN DISTRICT OF WEST VIRGINIA
                            AT CHARLESTON
```

DON LAMONT WILKERSON,

        Petitioner,

v.                                              CIVIL ACTION NO. 2:21-00155
                                                    CRIMINAL ACTION NO. 2:16-00218

UNITED STATES OF AMERICA,

        Respondent.

**MEMORANDUM OPINION AND ORDER**

      By Standing Order, this action was referred to United States Magistrate Judge Omar J. Aboulhosn for submission of findings and recommendation regarding disposition pursuant to 28 U.S.C. § 636(b)(1)(B).  Magistrate Judge Aboulhosn submitted to the court his Proposed Findings and Recommendation ("PF&R") on September 18, 2023.  (See ECF No. 252).  In that PF&R, he recommends that this court (1) deny petitioner Don Lamont Wilkerson's motion brought under 28 U.S.C. § 2255 to vacate, set aside, or correct his prison sentence, and (2) remove this matter from this court's docket.  (See id. at 19).

      In accordance with the provisions of 28 U.S.C. § 636(b), the parties were allotted fourteen days and three mailing days to object to the PF&R.  Mr. Wilkerson filed timely objections.  (See ECF No. 253).

## I.  Background

On March 29, 2018, a jury convicted Mr. Wilkerson of two counts of distributing 50 grams or more of methamphetamine and one count of distributing 5 grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1).  (See Case No. 2:16-cr-00218, ECF Nos. 36, 181).  He was sentenced to 240 months (20 years) in prison, which was within the recommended sentencing range under the United States Sentencing Commission Guidelines.  (See ECF No. 252 at 7).  He was sentenced on October 2, 2018, after this court granted two of his motions to continue the sentencing date. (See id.).

Under the version of 21 U.S.C. § 841(a)(1) in effect at the time of sentencing, Mr. Wilkerson faced a mandatory minimum sentence of 20 years' imprisonment.  See 21 U.S.C. § 841(a)(1)(2010), amended by 21 U.S.C. § 841(a)(1)(2018).  However, several months later, in December 2018, Congress passed the First Step Act of 2018, which became effective on December 21, 2018, and reduced the mandatory minimum sentence to 15 years' imprisonment.  See First Step Act of 2018, Pub. L. No. 115-391, § 401(a)(1)(i), 132 Stat. 5194.

Mr. Wilkerson argues in his motion to vacate, set aside, or correct his sentence that his trial counsel provided ineffective assistance of counsel by not moving to continue his sentencing to a date after the First Step Act of 2018 became effective.

2

(<u>See</u> ECF No. 241 at 11). Magistrate Judge Aboulhosn recommends rejecting this argument because, among other reasons, "the passage of the First Step Act was uncertain on the date of [Mr. Wilkerson's] sentencing . . . [,]" (ECF No. 252 at 18), and because "it is uncertain whether the District Court would have been willing to grant an additional continuance had defense counsel requested such[,]" (<u>id</u>. at 19).

Mr. Wilkerson objects to these findings.

## II.  Legal Standard

Pursuant to Rule 72(b) of the Federal Rules of Civil Procedure, the court must "make a de novo determination upon the record . . . of any portion of the magistrate judge's disposition to which specific written objection has been made." However, the court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. <u>See</u> <u>Thomas v. Arn</u>, 474 U.S. 140, 149–50 (1985).

"A document filed pro se is 'to be liberally construed.'" <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007) (quoting <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976)). Specifically as to objections to a PF&R, courts are "under an obligation to read a pro se litigant's objections broadly rather than narrowly." <u>Beck v.</u>

3

Comm'r of Internal Revenue Serv., No. 2:96CV308, 1997 WL 625499, at *1-2 (W.D.N.C. June 20, 1997).

### III. Discussion

Mr. Wilkerson claims ineffective assistance of counsel. To demonstrate constitutionally ineffective assistance of counsel, a defendant must establish both deficient performance and prejudice. See Strickland v. Washington, 466 U.S. 668, 687-92 (1984). In this case, Magistrate Judge Aboulhosn recommends denying Mr. Wilkerson's motion on the first prong of an ineffective assistance of counsel claim: deficient performance. (See ECF No. 252 at 19). A defense attorney's performance is deficient if "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687. "[A]n attorney's failure to anticipate a new rule of law [is] not constitutionally deficient." United States v. McNamara, 74 F. 3d 514, 516 (4th Cir. 1996) (citing Kornahrens v. Evatt, 66 F. 3d 1350, 1360 (4th Cir. 1995)).

Mr. Wilkerson's first objection is to Magistrate Judge Aboulhosn's finding that due to the uncertain enactment of the First Step Act of 2018 at the time of sentencing, trial counsel acted reasonably by not seeking to continue the sentencing to a later, indefinite date. In the PF&R, Magistrate Judge Aboulhosn explains that counsel could not have anticipated the Act's

4

enactment because it had been before Congress since March 2017 and did not pass either house of Congress until, thanks to a "breakthrough" in November 2018, Congress passed it in December 2018-months after Mr. Wilkerson was sentenced. (See ECF No. 252 at 17).

Mr. Wilkerson argues that his counsel performed deficiently "for failing to seek a continuance when it became clear – based on media reporting – that the FSA would likely become law, not be retroactively applied, and reduce the mandatory minimum sentence . . . ." (ECF No. 253 at 2). This argument has been rejected in this district.

In Torres v. United States, No. 3:12-01167, 2013 WL 1349126, at *3 (S.D.W. Va. Apr. 1, 2013) (Chambers, J.), a defendant claimed ineffective assistance of counsel because his counsel did not request a continuance of sentencing in anticipation of the enactment of the Fair Sentencing Act of 2010, Pub.L. No. 111-220, 124 Stat. 2372, which became effective approximately three weeks after the defendant's sentencing, and would have eliminated his mandatory minimum sentence. See id. Though the bill had not yet been enacted at the time of sentencing, it had already been passed by the Senate, and the defendant argued that his counsel "should have been aware of the pending legislation because of alerts sent out by organizations such as Families Against Mandatory Minimums." Id. Judge

5

Chambers rejected this argument, holding that "an attorney is not required to constantly monitor the activities of Congress for proposed or pending legislation that may bear on a client's case." Id.

Mr. Wilkerson's case is no different; he claims his counsel should have anticipated that Congress would pass the First Step Act, despite it passing through neither house of Congress until months after his sentencing. As Judge Chambers explained, his counsel had no duty to constantly monitor and anticipate the activities of Congress.

Even so, Mr. Wilkerson insists that his case is "is on all fours" with United States v. Abney, 812 F. 3d 1079, (D.C. Cir. 2016), a case from the District of Columbia Circuit which, like Torres, addressed a timing issue related to the Fair Sentencing Act. That court was faced with the question of whether counsel provided ineffective assistance of counsel when the client was sentenced "five days after Congress passed the Fair Sentencing Act ('FSA'), when Presidential approval was imminent and virtually assured." Id. at 1082. The court found that counsel provided ineffective assistance because given the "imminent enactment" of the FSA, "[o]bjectively reasonable counsel would have sought a continuance to ensure that [the client] was sentenced after the FSA became law." Id.

6

Mr. Wilkerson's case does not involve the imminent enactment at issue in <u>Abney</u>; enactment of the First Step Act was speculative at the time of his sentencing, and it had not been passed by Congress. It is one thing to require counsel to anticipate legislation needing only the signature of the President to become effective; it is quite another to require counsel to anticipate the enactment of legislation that Congress may pass in the future. For this reason, Mr. Wilkerson's first objection is **OVERRULED**.

Mr. Wilkerson's second objection is to Magistrate Judge Aboulhosn's finding that it is uncertain whether this court would have granted a third continuance of Mr. Wilkerson's sentencing, if his counsel had requested it. The question of whether the court would have granted a third continuance is really beside the point since it was objectively reasonable for Mr. Wilkerson's counsel not to request it. Even so, the court will address the objection.

Mr. Wilkerson argues that because this court granted motions to continue during the trial process, in addition to granting two motions to continue his sentencing, "[a] past history of liberally granting continuances upon request, indicates a future propensity to grant such continuances." (ECF No. 253 at 4). This is an inaccurate assumption.

The court has a distinct consideration when deciding motions to continue sentencing: Rule 32 of the Federal Rules of Criminal Procedure's requirement that "[t]he court must impose sentence without unnecessary delay." F. R. Crim. P. 32(b)(1). Therefore, pre-conviction continuances shed no light on the court's likely decision regarding sentencing continuances. And, considering Rule 32's requirement, the two prior sentencing continuances do not increase the likelihood that the court would have granted a third.

The court otherwise sees no reason to disagree with Magistrate Judge Aboulhosn's finding that it is uncertain whether the court would have granted a third continuance. As he explains in the PF&R, the congressional breakthrough that led to the enactment of the First Step Act occurred after Mr. Wilkerson's sentencing. Therefore, in support of a motion to continue filed prior to sentencing, Mr. Wilkerson could not have presented anything more than mere speculation about the possible enactment of the legislation, and it is not certain that this court would have granted a continuance on that basis.

Mr. Wilkerson also argues that a hearing is necessary to determine whether the court would have granted the motion to continue, and thus whether he was prejudiced by his counsel not asking for one. (See ECF No. 253 at 4). However, a hearing to assess the prejudice prong of Strickland is not necessary when

8

Mr. Wilkerson fails to establish the deficient performance prong: "The Court may dispose of defendant's claim on one prong of the Strickland test without ruling on the other." Monroe v. United States, No. 1:12CV753, 2013 WL 150327, at *3 (E.D. Va. Jan. 20, 2013) (citing Strickland, 466 U.S. at 697).

For these reasons, Mr. Wilkerson's second objection is **OVERRULED**.

### IV. Conclusion

The court has reviewed the record, the Magistrate Judge's PF&R, and Mr. Wilkerson's objections. For the reasons discussed above, his objections are **OVERRULED**.

The court adopts the Findings and Recommendation of Magistrate Judge Aboulhosn as follows:

1. Mr. Wilkerson's motion to vacate, set aside, or correct his prison sentence under 28 U.S.C. § 2255 (ECF No. 240) is **DENIED**; and

2. This action is **DISMISSED**.

Additionally, the court has considered whether to grant a certificate of appealability. See 28 U.S.C. § 2253(c). A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right." Id. § 2253(c)(2). The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this court is debatable or wrong and

that any dispositive procedural ruling is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001).  The court concludes that the governing standard is not satisfied in this instance.  Accordingly, the court **DENIES** a certificate of appealability.

The Clerk is directed to forward a copy of this Memorandum Opinion and Order to counsel of record and to petitioner, pro se.

**IT IS SO ORDERED** this 20th day of February, 2024.

ENTER:

*David A. Faber*
David A. Faber
Senior United States District Judge